THOMAS W. LUDLOW *et al.*, as Executors, etc., Appellants, *v.* JOHN D. GIERHON, Respondent.

*Supreme Court, Second Department, General Term, June* 28, 1889.

*Questions of fact. Easement.*—Where defendant had contracted with the city of Yonkers to construct a sewer upon land owned by plaintiff, who had granted an easement therein to the city for such purpose, and the right of temporarily using the adjoining dock surface for the deposit of materials during its construction, the reasonableness of defendant's act, as the instrument of the city in using this dock surface for deposit of materials, is a question for the jury, if there is a conflict of evidence.

Appeal from a judgment of the city court of Yonkers entered upon a verdict, and from an order denying a motion to set aside the verdict and for a new trial.

*William W. Scrugham*, for appellants.

*Joseph F. Daly*, for respondent.

PRATT, J.—We think this judgment should be affirmed, for reasons appearing in the charge of the learned trial judge to the jury. There was evidence tending to show that plaintiffs, or one of them, consented to the use of their land for temporary deposit of material excavated in constructing the sewer. True, there was some evidence tending to show that the consent was withdrawn. But the case

was not so clearly with plaintiffs on this point as to justify the direction of a verdict in their favor. But there is, in our opinion, a deeper difficulty with the plaintiff's case. Defendant had contracted with the city of Yonkers to construct a certain sewer upon land owned by plaintiffs, they having granted an easement therein to the city for that purpose. The sewer itself was to be constructed within a certain strip which is particularly described. But the grant contains this additional privilege :

" And, also, the right of temporarily using the adjoining dock surface owned by the parties of the first part for the deposit of materials during the construction of such public sewer." Then follows a further provision that, " the exclusive use or purpose to which the described premises shall be applied by the party of the second part  *  *  * shall be the construction, maintenance and use of a public sewer therein, and whatever shall be incident thereto as aforesaid." The " above-described premises " do not consist of that strip alone. That strip was for the sewer itself. The other part of the grant—the right to the temporary use of the adjoining dock surface—was a part of the premises or subject-matter of the grant—and for aught that we can see, the city had quite as perfect a right to the exclusive temporary use of that adjoining dock surface for reasonable deposit of materials in the construction and maintenance of the sewer as it had to the exclusive permanent use of the strip for the sewer itself. ·

That use was an incident in the construction and maintenance of the sewer. Hence, as the learned trial judge put it to the jury, the question was the reasonableness of the defendant's act as the instrument of the city in using this dock surface for deposit of materials. That was plainly a question of fact for the jury arising on a conflict of evidence. The verdict is, therefore, conclusive on that issue.

The judgment must be affirmed, with costs.

All concur.